**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1693-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN JOHNS,

     Defendant-Appellant.

_____

> Submitted May 7, 2024 – Decided May 15, 2024
>
> Before Judges Mayer and Whipple.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 05-08-1618.
>
> John Johns, appellant pro se.
>
> William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant John Johns appeals from a November 10, 2021 order denying his motions for resentencing and reconsideration. We affirm.

The facts leading to defendant's 2008 convictions and sentence are recounted in our unpublished decisions State v. Johns (Johns I), No. A-2423-08 (App. Div. May 2, 2011) and State v. Johns (Johns II), No. A-1200-11 (App. Div. Mar. 28, 2014). Defendant was convicted by a jury of armed robbery of two different motels on back-to-back dates in 2005. Defendant's aggregate sentence for the two robberies and related charges was forty-seven years with a thirty-two-year parole ineligibility period.

In June 2009, defendant received an additional six-year sentence, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for a first-degree robbery conviction under a different indictment. The sentence in that matter ran consecutive to the sentences for robbery convictions that are the subject of this appeal.

On appeal from his 2008 convictions and sentence, we affirmed the convictions, with the exception of the conviction for possession of a handgun, but remanded for the sentencing judge to reconsider the "consecutive aspects and overall length of . . . defendant's sentence." Johns I, slip op. at 18.

In July 2011, in accordance with our remand, defendant was resentenced. On resentencing, the judge imposed a twenty-year term of imprisonment, subject to NERA, for the first armed robbery and a nineteen-year term of imprisonment,

subject to NERA, for the second armed robbery, with the sentences to be served consecutively.

Defendant appealed from the sentence imposed on remand. We vacated defendant's sentence and again remanded. We concluded the re-sentencing judge "erred in imposing harsher sentences on the armed robbery convictions with the consequence of increasing defendant's parole ineligibility period under NERA." Johns II, slip op. at 10.

At the resentencing hearing conducted in June 2014, the same judge who resentenced defendant in 2011 imposed consecutive terms of sixteen years for each robbery conviction, for an aggregate sentence of thirty-two years, subject to NERA. The sentencing judge found no mitigating factors and three aggravating factors. The sentencing judge stated:

> This is an abysmal record for such a young man and one that indicates a substantial risk that he will commit another offense. Not only that, but he will continue to use violence, including deadly weapons and the threat of death or serious injury in his criminal pursuits. . . .
>
> Based on all of the evidence before the court, there is no doubt that despite his age, [] defendant is a career criminal in the making. From his juvenile encounters through his eight adult robbery indictments, defendant has apparently learned no lessons. Looking at the whole person before the court, along with the severity of his crimes, the court finds it absolutely warranted and necessary that [] defendant be removed from

3

society for a significant period of time so as to reduce his potentially devastating impact on the community. Therefore, factors [three], [six], and [nine] apply to each count. . . .

The court has [also] considered all [thirteen] mitigating factors under [N.J.S.A.] 2C:44-1(b) . . . [and finds] no mitigating factors apply. . . . Therefore, the aggravating factors clearly and substantially outweigh the mitigating factors as to each charge.

Defendant appealed and we affirmed the resentence in an April 15, 2015 summary order.

In September 2016, more than eight years after entry of the original judgment of conviction, and more than five years after we affirmed defendant's convictions on his first direct appeal, defendant filed a petition for post-conviction relief (PCR). Following oral argument, the PCR judge entered a July 24, 2018 order denying defendant's PCR petition without an evidentiary hearing. Defendant appealed.

While defendant's PCR appeal was pending, he filed a motion for reconsideration regarding the same PCR petition. In a December 4, 2018 letter, because defendant "[had] an appeal pending before the Appellate Division [regarding] the same indictment," the judge advised she could not "proceed with [defendant's] motion." The judge denied the motion for reconsideration without

prejudice to allow defendant "the right to re-file once [his] appeal [was] decided."

In December 2019, we affirmed the denial of defendant's PCR petition. State v. Johns (Johns III), No. A-0704-18 (App. Div. Dec. 30, 2019). We determined defendant's PCR petition was time-barred. Johns III, slip op. at 8-11. However, on the merits, we explained defendant failed to demonstrate his trial attorney's handling of his case was deficient or that he suffered prejudice. Id. at 11. Because defendant failed to demonstrate a prima facie case of ineffective assistance of counsel, we stated defendant was not entitled to an evidentiary hearing. Id. at 15.

The New Jersey Supreme Court denied defendant's petition for certification. State v. Johns, 241 N.J. 210 (2020). Defendant also filed a petition for habeas corpus on January 3, 2020, which was dismissed. Johns v. Att'y Gen. of State of N.J., No. 20-cv-1336, 2021 WL 1851899, at *1 (D.N.J. May 10, 2021).

Defendant, proceeding pro se, filed a June 2021 motion for resentencing. Defendant argued the judge should have applied mitigating factor fourteen

retroactively.[1]  Defendant also moved for reconsideration of the PCR judge's denial of his PCR petition.

At a November 10, 2021 hearing, the PCR judge rejected defendant's argument for retroactive application of mitigating factor fourteen and denied his motion for reconsideration.

In denying the resentencing motion, the PCR judge found:

> There's a recent Appellate Division case that says mitigating [factor] [fourteen] is not available retroactively, so your application is being denied because that case tells this [c]ourt that it cannot consider applying mitigating factor [fourteen] on a retroactive basis.  So[,] I'm going to deny your application.

The PCR judge further noted, "[T]he judge who resentenced you took into consideration your youth and . . . frankly, you had a juvenile record.  The judge put that on the record."

In denying the motion for reconsideration, the PCR judge stated:

> Your PCR, that was denied by me, went up to the Appellate Division and was affirmed by the Appellate Division.  Your method of relief in that determination was to file an appeal, not to file a motion for reconsideration.
>
> . . . I'm denying your application for reconsideration of your PCR on the basis that there is no mechanism for

---

[1]  At the time he committed the robberies, defendant was nineteen years old.

A-1693-21

you to file for that. If you are unhappy with the Appellate Division's affirmance of my denial of your PCR, you should have made an application to appeal the Appellate Division.

However, the PCR judge denied defendant's motions without prejudice to allow defendant an opportunity to seek assigned counsel to re-file the applications on defendant's behalf.

Defendant elected not to refile his motions with the assistance of assigned counsel. Instead, defendant appealed from the November 10, 2021 order denying the motions for resentencing and reconsideration.

Defendant raises the following arguments on appeal:

POINT I

> THE JUDGE ERRED BY DENYING THE DEFENDANT'S MOTION FOR A CHANGE OR REDUCTION OF SENTENCE PURSUANT TO R. 3:21-10[B](3) WITHOUT ANY FINDINGS OR CONCLUSIONS OF LAW, THEREFORE THE MATTER SHOULD BE REMANDED [FOR] RESENTENCING.

POINT II

> TRIAL COURT ERRED BY DENYING DEFE[N]DANT'S MOTION FOR A RECONSIDERATION DENYING HIS POST[-] CONVICTION RELIEF WITHOUT HEARING THE ARGUMENTS, EVIDENCE AND FACTS AFTER IT WAS [THE] PCR JUDGE WHO INFORMED

7

DEFENDANT TO FILE THE MOTION AFTER THE
CONCLUSION OF THE APPEAL.

We review a sentencing court's imposition of a sentence for abuse of discretion. State v. Torres, 246 N.J. 246, 272 (2021). "Appellate review of a criminal sentence is limited; a reviewing court decides whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)).

Trial judges are accorded discretion in determining whether a sentence should be concurrent or consecutive. See State v. Cuff, 239 N.J. 321, 350 (2019). A sentencing court should "place on the record its statement of reasons for the decision to impose consecutive sentences, which . . . should focus 'on the fairness of the overall sentence, and the sentencing court should set forth in detail its reasons for concluding that a particular sentence is warranted.'" Torres, 246 N.J. at 267-68 (quoting State v. Miller, 108 N.J. 112, 122 (1987)).

We generally defer to the sentencing court's factual findings. State v. Case, 220 N.J. 49, 65 (2014). However, our deferential standard of review applies "only if the trial judge follows the [Criminal] Code and the basic precepts that channel sentencing discretion." State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting Case, 220 N.J. at 65).

Additionally, we review the denial of a motion for reconsideration for an abuse of discretion. See State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). "Reconsideration is not to be granted lightly and the grounds for reconsideration are generally limited. The proper object of reconsideration is to correct a court's error or oversight." Ibid. (citing Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010)).

We first consider defendant's argument that the PCR judge erred in denying his motion for resentencing because mitigating factor fourteen applied retroactively. We disagree.

Rule 3:21-4(h) provides that "[a]t the time [a] sentence is imposed[,] the judge shall state reasons for imposing such sentence[,] including findings pursuant to the criteria for withholding or imposing imprisonment or fines under N.J.S.A. 2C:44-1 to 2C:44-3 [and] the factual basis supporting a finding of particular aggravating or mitigating factors affecting [the] sentence . . . ." See also State v. Comer, 249 N.J. 359, 404 (2022) ("We ask trial courts to explain and make a thorough record of their findings to ensure fairness and facilitate review."). The statement of reasons must be included in the final judgment. R. 3:21-5.

Under the Code of Criminal Justice, trial courts weigh aggravating and mitigating factors "[i]n determining the appropriate sentence to be imposed on a person who has been convicted of an offense." N.J.S.A. 2C:44-1(a) and (b).

In 2019, the New Jersey Criminal Sentencing and Disposition Commission (CSDC) submitted an Annual Report proposing nine sentencing reforms. See N.J. Crim. Sent'g & Disposition Comm'n, Annual Report (Nov. 2019). The CSDC suggested "that the Legislature create a new mitigating factor that allows judges to consider a defendant's youthfulness at the time of the offense." Id. at 26. Specifically, the CSDC proposed that sentencing judges be permitted to consider, as a new mitigating factor, whether the "defendant was under [twenty-six] years of age at the time of the commission of the offense." Ibid. However, the CSDC made no recommendation whether this new mitigating factor should apply retroactively to those defendants sentenced before the amendment's effective date. Ibid.

In 2020, the Legislature amended N.J.S.A. 2C:44-1, adding mitigating factor fourteen: "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14). The Legislature stated "[t]his act shall take effect immediately." L. 2020, c. 110, § 2.

In <u>State v. Bellamy</u>, we held mitigating factor fourteen applied retroactively to a defendant's resentencing but noted its retroactive effect was limited to defendants resentenced for reasons <u>unrelated</u> to the new mitigating factor. 468 N.J. Super. 29, 45-48 (App. Div. 2021).

A year later, the New Jersey Supreme Court determined mitigating factor fourteen should be applied prospectively. <u>State v. Lane</u>, 251 N.J. 85, 97 (2022). Specifically, the Court stated:

> We view N.J.S.A. 2C:44-1(b)(14) to apply not only to defendants sentenced for the first time on or after October 19, 2020, but also to defendants resentenced on or after that date for reasons unrelated to mitigating factor fourteen. <u>Cf.</u> <u>State v. Rivera</u>, 249 N.J. 285, 303-04 (2021) (noting that the new factor could be applied in "all sentencing proceedings on or after October 19, 2020" in remanding for resentencing); <u>State v. Bellamy</u>, 468 N.J. Super. 29, 44 (App. Div. 2021) (holding that the application of N.J.S.A. 2C:44-1(b)(14) to a defendant resentenced after the amendment's effective date for reasons unrelated to the adoption of mitigating factor fourteen constituted prospective application of the amendment).
>
> [<u>Id.</u> at 97 n.3.]

The Court concluded there was no indication in the statute's language that the new mitigating factor should be applied to a defendant sentenced prior to the effective date. <u>Id.</u> at 87. The Court considered the legislative history leading to enactment of N.J.S.A. 2C:44-1(b)(14) and confirmed the "Legislature's intent to

11

authorize sentencing courts to consider the new mitigating factor in imposing a sentence on or after the date of the amendment." Id. at 87-88.

Based on the Court's clear statement in Lane, we reject defendant's argument that mitigating factor fourteen be applied retroactively. Under Lane, mitigating factor fourteen applies prospectively and is limited to defendants sentenced on or after the effective date of October 19, 2020, or defendants resentenced on or after that date for reasons unrelated to mitigating factor fourteen.

Because defendant was last sentenced in 2014, mitigating factor fourteen is inapplicable. Additionally, the PCR judge noted the resentencing judge considered defendant's youth and his juvenile record. Indeed, as the resentencing judge stated, defendant had "an abysmal record for such a young man" and "despite his age, [] defendant [was] a career criminal in the making."

We next consider defendant's argument that the PCR judge erred in denying his motion for reconsideration. We disagree.

Reconsideration should only be used to correct a court's error or oversight. Puryear, 441 N.J. Super. at 294. Here, defendant's challenge to his conviction and sentence were raised in his PCR petition. The PCR judge denied defendant's

12

PCR petition in July 2018, and we affirmed. Thus, defendant's arguments in his motion for reconsideration were already rejected by this court.

Further, defendant's substantive challenges to his conviction and sentence were rejected by every reviewing court. The judge's decision contained no errors or oversights warranting reconsideration. While defendant disagrees with the PCR judge's denial of his PCR petition, his dissatisfaction is not a basis for seeking reconsideration. Palombi, 414 N.J. Super. at 288.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1693-21